UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LORRY M. BARNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08 cv 1221 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## O P I N I O N  &  O R D E R

Before the Court is Defendant United States' Motion to Dismiss (Doc. 6), which this Court has converted into a Motion for Summary Judgment. For the reasons that follow, the Motion is GRANTED.

### BACKGROUND

This case originated in the Circuit Court of Bureau County, Illinois, where, on June 18, 2007, Plaintiff Lorry Barnes (pro se) filed a Complaint against several unnamed employees of the Internal Revenue Service, vaguely alleging common law fraud and seeking damages in the amount of $32,500.78. The United States Attorney for the Central District of Illinois, on behalf of the individually named Defendants, removed the case to federal court on September 3, 2008 pursuant to 28 U.S.C. § 2679(d)(2).[1] Contemporaneously, and also pursuant to § 2679(d)(2), the

---

[1] § 2679(d)(2) is applicable when federal employees are sued in state court for torts allegedly committed in the scope of their employment. The statute provides as follows: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the

United States Attorney moved to substitute the United States of America as the properly named Defendant and to dismiss the individually named Defendants. On September 4, 2008, the Court allowed the substitution, and the action was allowed to proceed against the United States exclusively. (Doc. 3).

On October 14, 2008, the United States filed the instant Motion to Dismiss. (Doc. 6). In its Motion to Dismiss, the United States argues that the action should be dismissed on the following grounds: lack of service of process; lack of jurisdiction due to the existence of sovereign immunity; and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The United States attached to its Motion to Dismiss a declaration by Mark Grzesiowski (an IRS employee and, presumably, one of the persons that Barnes intended to name individually in his Complaint) which shed some light on Barnes' vague allegations. (10/14/08 Grzesiowski Decl. ¶¶ 1-3). According to Grzesiowski, the IRS filed a Notice of Federal Tax Lien against Barnes on or about September 29, 2006 which indicated that Barnes was liable to the United States for unpaid federal income taxes in the amount of $32,500.78 for the 2001 and 2002 tax years. Further, according to Grzesiowski, on October 7, 2006, the IRS mailed Barnes a Notice of Intent to Levy. Barnes subsequently filed a request for a collection due process hearing; the hearing

---

Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). The Notice of Removal in this case attached a certification that met the requirements of § 2679(d)(2).

occurred on April 26, 2007 and resulted in the denial of Barnes' request for relief. (10/14/08 Grzesiowski Decl. ¶ 2). The United States reasonably infers, as does this Court, that Barnes' Complaint is based on the factual scenario set out in Grzesiowski's declaration.

Subsequent to its filing of the Motion to Dismiss, the United States filed papers that it apparently received from Barnes (which are fairly characterized as frivolous tax-related ramblings) along with its responses to those papers. On August 18, 2009, this Court converted the United States' Motion to Dismiss into a Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 12(d), on account of the parties' submission of material extrinsic to the Complaint. (Doc. 12). The Court allowed Barnes the opportunity to present additional evidence in support of his allegations, but Barnes chose not to take advantage. This case is now ripe for disposition.

## DISCUSSION

The United States argues that the doctrine of sovereign immunity bars this suit. The Court agrees.[2]

First, it is important to point out that the United States was properly substituted as the sole Defendant on September 4, 2008. In his state-court

---

[2] In addition, as the United States has pointed out, there is no evidence of service of process as to the individually named (and now-dismissed) Defendants or as to Defendant United States of America (the current and exclusive Defendant). Under both Federal and Illinois procedural rules, a plaintiff's lack of diligence in attempting service of process upon the defendant is, by itself, a ground for dismissal without prejudice. See Fed. R. Civ. P. 4(m); Ill. S.Ct. R. 103(b); Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 (7th Cir. 2001). In any event, based on the doctrine of sovereign immunity, this action would not be viable even if Barnes had been diligent in attempting to serve process.

3

Complaint (removed to this Court), Barnes alleges common law fraud against individual IRS employees based on an incident that arose within the scope of their employment.[3] The IRS employees are immunized from suit pursuant to 28 U.S.C. § 2679(d)(2), which requires that the United States be substituted as the sole defendant and that the case be removed to federal court under the present circumstances. See Taboas v. Mlynczak, 149 F.3d 576, 579 n.1 (7th Cir. 1998).

Next, because this common law tort action can proceed against the United States only, the Federal Tort Claims Act (FTCA) provides Barnes' exclusive remedy. "Under the doctrine of sovereign immunity, the United States cannot be sued without its consent." Schlesner v. United States, 246 F. Supp.2d 1036, 1044 (E.D. Wis. 2003) (citing United States v. Testan, 424 U.S. 392, 399 (1976)). The FTCA is a limited waiver of the federal government's sovereign immunity as to certain tort claims arising from the actions of federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b); Alinsky v. United States, 415 F.3d 639, 643 (7th Cir. 2005). However, the FTCA does not serve as a waiver of sovereign immunity as to "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c). Barnes' claim falls into this category, as it relates to the assessment or collection of tax. See Clark v. United States, 326 F.3d 911, 913-14 (7th Cir. 2003) (interpreting § 2680(c) broadly). Nor does the FTCA waive sovereign immunity as to fraud claims. 28 U.S.C. § 2680(h); United States ex rel. Fallon v. Accudyne Corp., 921 F. Supp. 611, 618 (W.D. Wis. 1995). Therefore, the FTCA

---

[3] Barnes does not allege a constitutional tort.

provides no waiver of sovereign immunity as to Barnes' fraud claim related to tax collection.

The federal government has also waived its sovereign immunity from suit where an IRS employee recklessly, intentionally, or negligently disregards a provision of the Internal Revenue Code or a corresponding regulation in collecting federal tax. 26 U.S.C § 7433(a); Henry v. United States, 2007 WL 4941854, *1 (N.D. Ill. Dec. 21, 2007). However, Barnes has produced no evidence (and, for that matter, has presented no decipherable allegation) of any act that would constitute a violation of § 7433(a). Accordingly, this suit is barred by the doctrine of sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant United States' Motion to Dismiss (Doc. 6), which has, for technical purposes, been converted into a Motion for Summary Judgment, is GRANTED. The Court is without jurisdiction to entertain this suit.

Plaintiff Barnes is WARNED that any further submissions by him that the Court determines to be frivolous or harassing may be met by sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. CASE TERMINATED.

Entered this 27th day of October, 2009.

                                          s/ Joe B. McDade
                                          JOE BILLY MCDADE
                                          United States District Judge